Liu v. Garland

BIA
Poczter, IJ
A205 610 836

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————————

JINBIN LIU,
> *Petitioner,*

v.                                                            19-896
                                                             NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————

FOR PETITIONER:            Adedayo O. Idowu, Esq., New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinbin Liu, a native and citizen of the People's Republic of China, seeks review of a March 13, 2019, decision of the BIA affirming a July 10, 2017, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinbin Liu,* No. A205 610 836 (B.I.A. Mar. 13, 2019), *aff'g* No. A205 610 836 (Immig. Ct. N.Y. City July 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The agency did not err in finding that, although credible, Liu failed to persuasively establish a well-founded fear of persecution on account of his pro-democracy activities in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the

applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.").

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate an objectively reasonable fear, an applicant must show either that he would be "singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after his arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138

3

(2d Cir. 2008).

The agency reasonably declined to credit an unsworn letter from Liu's wife asserting that Chinese officials know about Liu's pro-democracy activities in the United States because the letter was written by an interested witness who was not subject to cross-examination. *See Y.C.*, 741 F.3d at 334. And the agency was not compelled to conclude that Liu's testimony in this regard was particularly persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Hongsheng Leng*, 528 F.3d at 143. Further, we have found "most unlikely" the "suggestion that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online," and have deemed speculative the assertion that the Chinese government will likely discover political activities in the United States and articles published online years before a noncitizen is removed. *Y.C.*, 741 F.3d at 334 (citing *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.")). Accordingly, the agency reasonably concluded that Liu failed to establish that Chinese officials are aware of or likely to become aware of Liu's pro-democracy activities. *See id.*; *Hongsheng Leng*,

528 F.3d at 138.

Alternatively, the agency reasonably found that Liu failed to establish that similarly situated individuals face persecution because "[t]he record is silent as to whether the Chinese government views domestic pro-democracy advocates differently from Chinese nationals who espouse pro-democracy ideals abroad." *Y.C.*, 741 F.3d at 335.

Because Liu failed to persuasively demonstrate that authorities are aware or are likely to become aware of his political activities in the United States and failed to show an objectively reasonable fear of persecution on account of those activities, the agency reasonably concluded that he failed to establish a well-founded fear of persecution. *See Y.C.*, 741 F.3d at 334–35; *Hongsheng Leng*, 528 F.3d at 142. That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.* *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

---

* The BIA and Government incorrectly conclude that Liu waived his CAT claim before the BIA. The IJ denied CAT relief because Liu failed to satisfy the lower burden of proving the well-founded fear required for asylum and thus Liu's challenge to that finding on appeal to the BIA necessarily included a challenge to the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court